-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HILL, 90-B0732,

        Plaintiff,

  -v-

GEORGE E. PATAKI,
STATE OF NEW YORK – EXECUTIVE
DEPARTMENT – BOARD OF PAROLE,
COMMISSIONER GLENN S. GOORD,
CHARLES J. HANNIGAN,
PETER L. BRODERICK,
THE ESTATE OF ROBERT ROTUNDO,
JOHN J. GANNON, SAMUEL L. GREEN,

        Defendants.

**DECISION and ORDER**
05-CV-6095CJS(Fe)

Plaintiff Michael Hill, an inmate of the Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). He has requested permission to proceed *in forma pauperis* and has filed a second signed Authorization (Docket No. 5). Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*.

Plaintiff is challenging his conviction 1990 conviction in Niagara County Court, alleging that the defendants – Governor Pataki, the New York State Board of Parole, Department of Correctional Services Commissioner Goord, Niagara County Judge Charles J. Hannigan, Niagara County District Attorney and Judge Peter L. Broderick, assigned trail counsel Robert Rotundo, assigned appellate counsel John J. Gannon, and New York State Supreme Court Justice Samuel L. Green – violated his constitutional rights, resulting in his

incarceration. He is seeking his liberty, in addition to monetary damages. The complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

When a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed.2d 439 (1973). 28 U.S.C. §2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*See also Preiser*, 411 U.S. at 483, 93 S. Ct. at 1833. The Court notes that plaintiff has a filed a *writ of habeas corpus* challenging this conviction pursuant to 28 U.S.C. § 2254, which is still pending in this Court. *Hill v. West*, 04-CV-6601CJS. Plaintiff is therefore pursuing the appropriate action by which to challenge his conviction.

The fact that plaintiff is seeking damages for the alleged injury does not change the requirement that such a claim must be brought as *a habeas* action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition). Thus, all of plaintiff's claims are barred until such time as his conviction is invalidated. Accordingly, this complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g). Because plaintiff's claims are entirely barred at this time, the Court does not consider the potential roadblocks of defendants' immunity and the statute of limitations that remain to face plaintiff in any future litigation. Plaintiff's request for counsel is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that the complaint is dismissed;

FURTHER, that plaintiff's request for counsel is denied as moot, and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   July 16, 2005
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

3